IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-04-258 |
| | § | CIVIL ACTION NO. H-16-2985 |
| RUSSELL RAY PRYOR, | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending is the Government's Response(s) to the claims alleged by Defendant/Movant Russell Ray Pryor in his § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum in Support, and a Supplemental Amended Response (Document Nos. 207 & 209 in Criminal Action No. H-04-258 & Document No. 23 in Civil Action No. H-16-2985). The Court has received from the Magistrate Judge an Amended Memorandum and Recommendation recommending that Pryor's § 2255 Motion be DISMISSED for lack of jurisdiction. Pryor has filed objections to the Amended Memorandum and Recommendation. The Court, after having made a *de novo* determination of all the filings related to Pryor's § 2255 motion, the Magistrate Judge's Amended Memorandum and Recommendation, and Pryor's Objections thereto, is of the opinion that the findings and recommendations of the Magistrate Judge in the Amended Memorandum and Recommendation are correct and should be and hereby are accepted by the Court in their entirety. Therefore,

It is ORDERED and ADJUDGED for the reasons set forth in the

Amended Memorandum and Recommendation of the United States Magistrate Judge signed on October 31, 2018, and entered on November 5, 2018, which is adopted in its entirety as the opinion of the Court, that Movant Russell Ray Pryor's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document Nos. 207) is DISMISSED for lack of jurisdiction.  It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted).  Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Amended Memorandum and Recommendation, which has been adopted as the opinion of the Court, the Court determines that reasonable jurists would not debate the correctness of the jurisdictional ruling.

Petitioner attaches to his Objections as Exhibit "A" a personal reflection on his crimes of conviction and the predicate crimes that led to the enhancement of his sentence, together with a statement of his accomplishments in prison and zealous desire to become a law-abiding, productive and contributing member of society. The statement evinces genuine sincerity, and Petitioner should be commended for his positive accomplishments. Perhaps unfortunately, in such a case, the law does not permit the Court to act as a parol board of sorts or to modify a sentence except pursuant to law.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 20TH day of February, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3