United States District Court
Southern District of Texas
**ENTERED**
July 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff-Respondent § | |
| § | |
| v. § | |
| § | CRIMINAL ACTION NO. H-04-258 |
| RUSSELL RAY PRYOR § | CIVIL ACTION NO. H-16-2985 |
| § | |
| Defendant-Movant § | |

## ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending are Defendant-Movant Russell Ray Pryor's Rule 59(e) Motion to Alter Judgment (Crim. Doc. No. 239, Civ. Doc. No. 37) and Motion to Amend Motion to Alter Judgment (Crim. Doc. No. 241, Civ. Doc. No. 40). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that Pryor's pending motions be denied. *See* Crim. Doc. No. 249, Civ. Doc. No. 48. Pryor has filed Objections and Supplemental Amended Objections to the Memorandum and Recommendation (Crim. Doc. Nos. 251, 254; Civ. Doc. Nos. 51, 52).

Pryor objects to the Magistrate's finding that there was no basis for altering the judgment because Pryor failed to make the required showing that it was more likely than not that he was sentenced under the residual clause to establish the jurisdictional predicate for consideration of his claims related

to Johnson v. United States, 135 S. Ct. 2551 (2015), and that his other claims were not subsumed in the Johnson-related claims that the Fifth Circuit transferred to this Court. *See* Crim. Doc. No. 249 at 4-5, Civ. Doc. No. 48 at 4-5 (discussing United States v. Wiese, 896 F.3d 723, 724-25 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019); and United States v. Clay, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020) (holding that, to establish the jurisdictional predicate for consideration of claims under Johnson, a defendant/movant must show "that it is more likely than not" that the district court sentenced him under the residual clause)).

The Court, after having made a *de novo* determination of the filings related to Pryor's motions, the record including the Final Presentence Investigation Report and the Sentencing Transcript, the Magistrate Judge's Memorandum and Recommendation, and Pryor's Objections and Supplemental Amended Objections thereto, is of the opinion that the findings and recommendations of the Magistrate Judge in the Memorandum and Recommendation entered on November 17, 2020 (Crim. Doc. No. 249, Civ. Doc. No. 48) are correct and should be and hereby are accepted by the Court in their entirety. Therefore,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate

2

Judge signed and entered on November 17, 2020, which is adopted in its entirety as the opinion of the Court, that Defendant-Movant Russell Ray Pryor's Rule 59(e) Motion to Alter the Judgment (Crim. Doc. No. 239, Civ. Doc. No. 37) and Motion to Amend Motion to Alter the Judgment (Crim. Doc. No. 241, Civ. Doc. No. 40) are DENIED. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). This standard includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S. Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid

claim of a denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation of the Magistrate Judge signed and entered on November 17, 2020, which has been adopted as the opinion of the Court, the Court determines that reasonable jurists would not debate the correctness of the ruling.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas on this 18TH day of July, 2022.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE